IN THE COURT OF COMMON PLEAS OF FAIRFIELD COUNTY, OHIO
GENERAL CIVIL DIVISION

| | | |
|---|---|---|
| MARK A. JOHNSON | : | Case **'12 CV 1 1 6 6** |
| 722 Medill Ave. | | |
| Lancaster, OH 43130 | : | Judge **Judge Berens** |
| Plaintiff, | : | |
| vs. | : | |
| STATE FARM FIRE & CASUALTY CO. | : | |
| One State Farm Plaza | | |
| Bloomington, IL 61710 | : | |
| Defendant. | : | |

2012 OCT 29 PH 3:13
DEBORAH SMALLEY
CLERK OF COURTS
FAIRFIELD CO. OHIO
FILED

## COMPLAINT
### (JURY DEMAND ENDORSED HEREON)

Now comes Plaintiff, Mark A. Johnson, by and through his undersigned counsel, and for his Complaint against Defendant State Farm Fire & Casualty Co., (hereinafter referred to as "State Farm") states the following:

### Parties

1. At the time of the loss claimed herein, Plaintiff, Mark A. Johnson, was a resident of Fairfield County, Ohio and the owner of the premises (hereinafter referred to as the "Subject Premises") located at 2699 Eckert Rd. SE, Lancaster, Ohio 43130, which consisted of a residential structure and various items of personal property. At the time of the loss claimed herein, Mr. Johnson was a policyholder/insured under a homeowners insurance policy issued by State Farm.

2. State Farm is a corporation conducting business in Ohio as a fire and casualty insurance company.

## Jurisdiction and Venue

3. The amount in controversy exceeds $25,000.00; therefore, this Court has subject matter jurisdiction over Mr. Johnson's claims.

4. Venue is proper in this Court pursuant to Ohio Civ. R. 3(B)(3),(5),(6), and/or (7).

5. This Court has personal jurisdiction over State Farm pursuant to Ohio Civ. R. 4.3(1),(2),(3), (4), and/or (7) and O.R.C. §2307.382 (A)(1),(2),(3),(4), and/or (9).

## Facts Common to All Claims

6. The foregoing allegations are incorporated by reference as if fully rewritten herein.

7. On November 28, 2011, an accidental fire occurred at the Subject Premises completely destroying the residence along with the vast majority of Mr. Johnson's personal property (herein referred to as the "Loss").

8. At the time of the Loss, the Subject Premises and Mr. Johnson's personal property were insured under a homeowners insurance policy (hereinafter referred to as the "Policy") issued by State Farm. A true and accurate copy of the Policy, including Renewal Certificate, is attached hereto and incorporated herein as **Exhibit A**. The Policy is identified as Policy Number 35-KE-8467-0.

9. Under the Policy, Mr. Johnson had the following pertinent coverage limits: Dwelling - $174,000.00; Dwelling Extension - Up to $17,400.00; and Personal Property - $130,500.00.

10. At the time of the Loss, Mr. Johnson was current on his payment of the annual premium and had satisfied all other pertinent terms and conditions of the Policy.

11. The Loss resulted in Mr. Johnson suffering losses in excess of the policy limits for Dwelling coverage and approximately $27,470.77 in damages to personal property. Additionally, Mr. Johnson incurred additional living expenses.

12. Subsequent to the Loss, Mr. Johnson, by and through counsel advised Defendant of the Loss and from approximately January, 2012 through August, 2012, Mr. Johnson fully complied with and fulfilled every request of State Farm concerning its investigation of the Loss, including submitting to more than one accusatory examination, one of which was under oath.

13. In response to State Farm's request, on March 2, 2012, Mr. Johnson, by and through counsel, submitted a Sworn Statement in Proof of Loss under the Policy and was assigned Claim No. C5-0M24-965. A true and accurate copy of said Sworn Statement in Proof of Loss is attached hereto and incorporated herein as **Exhibit B.**

14. On or about August 20, 2012 Mr. Johnson received formal notice from State Farm that Claim No. C5-0M24-965 was being denied, despite the fact that Mr. Johnson was compliant with all of his obligations under the Policy and did not cause the fire nor was he negligent in saving and preserving his property. A true and accurate copy of said formal notice is attached hereto and incorporated herein as **Exhibit C.** To date, State Farm has failed to pay Mr. Johnson for Claim No. C5-0M24-965.

15. Fairfield National Bank and Citizens Savings Bank, both mortgagees under the Policy, each submitted a sworn Statement in Proof of Loss to State Farm for the Loss and State Farm paid to each entity their respective insurable interests in the property as of the date of the Loss.

16. On August 28, 2012, Mr. Johnson received from State Farm notice that the Policy

was being voided as of November 28, 2011. A true and accurate copy of said notice is attached hereto and incorporated herein as **Exhibit D**.

### Count I - Breach of Contract

17. The foregoing allegations are incorporated by reference as if fully rewritten herein.

18. Mr. Johnson brings this action against Defendant pursuant to the laws of the State of Ohio.

19. The Policy is a valid and binding contract.

20. State Farm is obligated under the Policy to pay Mr. Johnson for covered losses within the coverages and limits of the Policy.

21. In denying Claim No. 35-0M24-965, not paying Mr. Johnson for the Loss, and voiding the Policy, State Farm has breached the terms and conditions of the Policy.

22. As a direct and proximate result of State Farms breach of contract, Plaintiff has suffered loss of his homeowner's insurance coverage, has sustained financial hardship and damages, and has and will endure emotional distress, all in an amount to be determined at trial being not less than $25,000.00.

### Count II - Bad Faith

23. The foregoing allegations are incorporated by reference as if fully rewritten herein.

24. State Farm failed to act in good faith in that it denied and refused to pay the Claim without reasonable justification.

25. As a direct and proximate result of State Farm's bad faith, Mr. Johnson sustained

damages in excess of $25,000.00.

26. State Farm's bad faith was willful, wanton, malicious, deliberate, and/or reckless, and entitles Plaintiff to an award of punitive damages.

### Count III - Declaratory Judgment

27. The foregoing allegations are incorporated by reference as if fully rewritten herein.

28. An actual controversy of a justiciable nature currently exists between Mr. Johnson and State Farm concerning the rights and obligations of the parties with respect to coverage for the Loss under the Policy. The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment.

29. Pursuant to O.R.C. 2721.01 et. seq., Mr. Johnson asks the Court to construe the rights and obligations of the parties under the Policy.

**WHEREFORE,** Plaintiff Mark A. Johnson prays for the following relief against Defendant, State Farm Fire & Casualty Co.:

- A. On Count I of Plaintiff's Complaint, compensatory damages in excess of $25,000.00;

- B. On Count II of Plaintiff's Complaint, compensatory damages in excess of $25,000.00 and punitive damages to be determined at a later time;

- C. Prejudgment and postjudgment interest at the statutory rate;

- D. Attorney fees and the costs of this action;

- E. That the rights and obligations of Mr. Johnson and State Farm be construed under the terms of the Policy; and

F.  Any such further relief, legal or equitable, as the Court finds appropriate and just.

*[signature]*

Nicholas R. Grilli (0080989)
D. Joe Griffith (0055499)
Dagger, Johnston, Miller,
Ogilvie & Hampson, LLP
144 E. Main Street/P.O. Box 667
Lancaster, Ohio 43130
(740) 653-6464
nrgrilli@daggerlaw.com
djgriffith@daggerlaw.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by a jury of eight (8) member as to all issues triable herein.

*[signature]*

Nicholas R. Grilli (0080989)
D. Joe Griffith (0055499)
Dagger, Johnston, Miller,
Ogilvie & Hampson, LLP
144 E. Main Street/P.O. Box 667
Lancaster, Ohio 43130
(740) 653-6464
nrgrilli@daggerlaw.com
djgriffith@daggerlaw.com
Attorneys for Plaintiff